**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA**

| | |
|---|---|
| **KIMBERLY LOVATO and MICHAEL LOVATO,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| | )   **Case No:** |
| **v.** | )<br>) |
| **LAURA HOWARD, SECRETARY OF THE DEPARTMENT OF CHILDREN AND FAMILIES OF THE STATE OF KANSAS** *in her official capacity,* **SAINT FRANCIS MINISTRIES, INC.** *individually,* **and JESSICA NAVARRO,** *individually*, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| | ) |
| **Defendants.** | ) |

**NOTICE OF REMOVAL**

COME NOW Defendants Saint Francis Ministries, Inc. ("St. Francis") and Jessica Navarro, by and through their attorneys of record, and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby provide notice of removal of this action from the District Court of Harvey County, Kansas to the United States District Court for the District of Kansas. As grounds for removal, Defendants St. Francis and Jessica Navarro state as follows:

**I.   FACTUAL BACKGROUND**

1. This is a civil action currently pending in the District Court of Harvey County, Kansas, under the case caption *Kimberly Lovato, Michael Lovato v. Laura Howard, Secretary of the Department of Children and Families of the State of Kansas, in her official capacity, Saint Francis Ministries, Inc., individually, Jessica Navarro, individually*, Case No. 2022-CV-000001 ("State Court Action").

2. This lawsuit arises out of Plaintiffs' complaints stemming from a family court proceeding in Rice County, Kansas. Specifically, Plaintiffs allege that in December 2018, they

became foster parents to three children adjudicated in need of care and receiving foster care services through St. Francis. Plaintiffs claim that in May 2021, St. Francis terminated Plaintiffs as the adoptive resource for the three foster children. In or after June 2021, Plaintiffs claim that they attempted to appeal the order from the Rice County, Kansas family court sustaining St. Francis' termination of Plaintiffs as the adoptive resources, which was unsuccessful. In the Petition, Plaintiffs allege that by terminating Plaintiffs as the adoptive resources for the three foster children, Defendants (and the Kansas statutes) have violated Plaintiffs' rights under 42 U.S.C. § 1983 and the U.S. Constitution.

3. Other than the Petition, no other state court filing has been served upon Defendants St. Francis and Jessica Navarro as of the date of this Notice of Removal. *See* 28 U.S.C. § 1446(a).

4. No further proceedings have been undertaken in the District Court of Harvey County, Kansas as of the date of this Notice of Removal, and Defendants St. Francis and Jessica Navarro have not yet filed a responsive pleading to Plaintiffs' Petition.

5. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and service documentation upon Defendants St. Francis and Jessica Navarro in the State Court Action is attached hereto as included in "**Exhibit A**". *See* 28 U.S.C. § 1446(a) (requiring that the removing defendant file copies of all process, pleadings, and orders served upon such defendant).

6. Furthermore, a copy of all of the pleadings and filings in the State Court Action file are attached hereto inclusive in **Exhibit A** pursuant to Local Rule 81.2.

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL

7. The removing parties are Defendants St. Francis and Jessica Navarro in the above-entitled action.

8. Defendant Jessica Navarro was served with a Summons and a copy of the Petition on or about January 30, 2022. Defendant St. Francis was served with a Summons and a copy of the Petition on or about January 31, 2022. This Notice of Removal is timely filed pursuant to 28 U.S.C.

§ 1446(b)(3), because Defendants St. Francis and Jessica Navarro filed this Notice of Removal within 30 days of service.

9.  Written notice of the filing of this Notice of Removal is concurrently being given to all adverse parties. A true and correct copy of this Notice of Removal and Notice of Filing of Notice of Removal is concurrently being filed with the Clerk of the District Court of Harvey County, Kansas, as required by 28 U.S.C. § 1446(d). A copy of this Notice of Filing of Notice of Removal is attached hereto as **Exhibit B**.

10. All Defendants who have been served have consented to removal as required by 28 U.S.C. § 1446(b)(2). Specifically, Defendants St. Francis and Jessica Navarro have obtained the written consent of counsel for Separate Defendant Laura Howard, Secretary of the Department of Children and Families of the State of Kansas to removal of this action to this Court.

11. A defendant has a right of removal where an action is brought in state court over which the district court has original jurisdiction. *See* 28 U.S.C. § 1441(a). As set forth below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiffs' Petition asserts a federal question providing this Court with jurisdiction over this action.

### III.   FEDERAL QUESTION JURISDICTION: 28 U.S.C. § 1331

12. 28 U.S.C. § 1331 provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

13. Defendants St. Francis and Jessica Navarro remove this action to Federal Court on the basis of federal question jurisdiction by virtue of Plaintiffs' Petition which asserts, vaguely, a cause of action under 42 U.S.C. §1983 and alleged violations of due process rights under the U.S. Constitution and concerns the scope of federal rights claims perpetrated against Plaintiffs.

14. Specifically, Plaintiffs' Petition asserts the following allegations pertinent to this Court's consideration of federal question jurisdiction:

> 15. Although Laura Howard in her official capacity as the Secretary of the Department of Children and Families, may claim sovereign immunity against monetary damages, **under 42 U.S.C. Sec. 1983, *et. seq.*,** there is no immunity against the injunctive relief sought hered *[sic]*.
>
> 16. Moreover, both St. Francis and its employee, Jessica Navarro are entities which **even though acting under the color of state law**, have no immunity either full of limited *[sic]*.
>
> 17. To the extent the statutes of the state of Kansas deny a direct appeal to foster parents and adoptive resources, **such statutes deny due process and violate on its face the constitution of the United States**.
>
> 19. This court has concurrent jurisdiction with federal courts over **42 U.S.C. Sec. 1983**.

*See* Petition, ¶¶ 15-17, 19 (emphasis added).

15. Plaintiffs' Petition clearly asserts components of federal law (Section 1983) and the Federal Constitution (claimed violations of due process of the Constitution of the United States) which provides the Federal Court with original jurisdiction over this case.

16. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 1546, 95 L. Ed. 2d 55 (1987). "The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).

17. "Every question arising under the Constitution may, if properly raised in a state court, come ultimately to this court for decision." *Hague v. Comm. for Indus. Org.*, 307 U.S. 496, 507, 59 S. Ct. 954, 960, 83 L. Ed. 1423 (1939). For federal question jurisdiction, the case must be "directly concerned with the construction of federal law and a determination of rights thereunder." *State of Okl. ex rel. Wilson v. Blankenship*, 447 F.2d 687, 691 (10th Cir. 1971). "The rule makes the plaintiff the

master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, at 392; *Great North R. Co. v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 239–240, 62 L.Ed. 713 (1918) ("[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case")). Even though state law may create plaintiffs' causes of action, "the case may still "arise under" the laws of the United States if a well-pleaded complaint establishes that plaintiffs' "right to relief under state law requires resolution of a substantial question of federal law." *Stephenson v. Wheaton Van Lines, Inc.*, 240 F. Supp. 2d 1161, 1163 (D. Kan. 2002).

18. Federal Courts "have often held that a case "arose under" federal law where the vindication of a right under state law necessarily turned on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9, 103 S. Ct. 2841, 2846, 77 L. Ed. 2d 420 (1983) ("a case may 'arise under' a law of the United States if the complaint discloses a need for determining the meaning or application of such a law"). "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id.* at 10–11.

19. Here, Plaintiffs' Petition expressly raises claims against all Defendants bound by the application and interpretation of federal law and the U.S. Constitution. By explicitly imposing a duty on Defendants under 42 U.S.C. §1983, and prematurely disputing the validity of Defendants' immunities under 42 U.S.C. §1983, Plaintiffs' allegations unambiguously require the Court to directly construe federal law and seek a determination of Plaintiffs' rights under federal law and the U.S. Constitution. On its face, Plaintiffs' Petition challenges federal law based on purported violations of 42 U.S.C. §1983, challenges the constitutionality of Kansas statutes, and Plaintiffs' due process rights under the U.S. Constitution. Moreover, Plaintiffs' allegation that the State Court has "concurrent jurisdiction with federal courts over 42 U.S.C. Sec. 1983" clearly invokes components of federal law. *See* Petition, ¶ 19.

20. Accordingly, federal question jurisdiction exists in this case.

21. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the District of Kansas is the federal judicial district embracing the District Court of Harvey County, Kansas where the State Court Action was originally filed.

WHEREFORE, Defendants Saint Francis Ministries, Inc. and Jessica Navarro hereby give notice that this action is removed from the District Court of Harvey County, Kansas to the United States District Court for the District of Kansas, and Defendants Saint Francis Ministries, Inc. and Jessica Navarro further request that this Court exercise jurisdiction over this action as though it had been originally instituted in this Court.

Respectfully submitted,

**FRANKE SCHULTZ & MULLEN, P.C.**

*/s/ Derek G. Johannsen*
DEREK G. JOHANNSEN   KS #22569
DANIELLE M. UZELAC   KS #26533
8900 Ward Parkway
Kansas City, MO 64114
(816) 421-7100 Phone
(816) 421-7915 Fax
*djohannsen@fsmlawfirm.com*
*duzelac@fsmlawfirm.com*
**Attorneys for Defendant Saint Francis Ministries, Inc. and Jessica Navarro**

## CERTIFICATE OF SERVICE

   I hereby certify that on February 28, 2022 a true and accurate copy of the foregoing was electronically filed with the Clerk of the District Court via the Courts e-Filing system, and served via electronic mail to:

James McIntyre
6235 W. Kellogg Dr.
Wichita, KS 67209
Phone: (316) 264-8857
jmcintyrelaw@gmail.com
**Attorneys for Plaintiffs**

Marc Altenbernt
Kansas Department for Children and Families
555 S. Kansas Ave., 6th Floor
Topeka, KS 66603
Tel: (785) 250-0380
Fax: (785) 296-4960
Marc.Altenbernt@ks.gov
**Attorney for Defendant Laura Howard,**
**Secretary of the Department**
**of Children and Families of the State of Kansas**

*/s/ Derek G. Johannsen*
**Attorneys for Defendant Saint Francis**
**Ministries, Inc. and Jessica Navarro**